**1822-CC11115**

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **AMIR MUHAMMED**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| **CITY OF ST. LOUIS** | ) | |
| Serve:  Mayor Lyda Krewson | ) | |
| City Hall Room 200 | ) | Jury Trial Demanded |
| 1200 Market St. | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendant states:

### Nature of Action

1.      This action is brought pursuant to Title VII of the Civil Rights Act, as amended,

42 U.S.C. § 2000e et seq., Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the

Missouri Human Rights Act (hereinafter MHRA), Chapter 213, RSMo. for employment

discrimination and harassment based on race, religion, and retaliation.

### Parties

2.      Plaintiff Amir Muhammed is an individual who resides in the state of Missouri.

3.      Defendant City of St. Louis is a municipality located in the state of Missouri.

4.      Defendant City of St. Louis operates and controls a police department, commonly

referred to as the City of St. Louis Metropolitan Police Department.

5.      During all times relevant to this Petition, Plaintiff was employed by the City of St.

Louis as a Police Officer.


EXHIBIT
A

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

6.      At all times relevant to this lawsuit, Defendant City of St. Louis was an employer engaged in an industry affecting commerce within the meanings of 42 U.S.C. § 2000e(b) (g), and (h) and 29 U.S.C. § 630(b).

7.      At all times relevant to this lawsuit, Defendant City of St. Louis was an employer within the meaning of § 213.010(7) RSMo. of the MHRA because it employed more than 6 persons.

**Venue**

8.      Venue is proper in the City of St. Louis because all of the events complained of herein occurred in the City of St. Louis, as the unlawful discriminatory practices occurred in the City of St. Louis, Missouri.

**Procedural Prerequisites**

9.      On or about April 27, 2017, Plaintiff timely submitted a charge of discrimination against Defendant with the EEOC and Missouri Commission on Human Rights (MCHR), Charge Nos. 28E-2017-00920 and E-4/17-48003, where he alleged Defendant unlawfully discriminated against him based on race, religion, and in retaliation for filing an EEO charge of discrimination and otherwise complaining of discrimination in the workplace.

10.     On or about May 31, 2018 the EEOC issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue.  (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

11.     On or about June 19, 2018, the MCHR issued its Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue.  (See Plaintiff's Exhibit 2 which is attached hereto and incorporated herein).

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

## **Factual Allegations**

12.     Plaintiff Amir Muhammed has been employed by Defendant as a police officer since 1998.

13.     Plaintiff is a black man, and a Muslim.

14.     During the first 18 years of service, Plaintiff had never been written up or suspended.

15.     In February 2015, Plaintiff was transferred from District 6 to District 5.

16.     On his first day in District 5, Plaintiff's direct supervisor, Sgt. James Clark, told Plaintiff that he had received a call from Sgt. Clark's supervisor, Lt. John Applegate.

17.     Lt. John Applegate told Sgt. Clark that he and his other officers had concerns about Plaintiff being part of their platoon because of his religion, Muslim.

18.     In or about May 2015, Plaintiff changed his legal name from Sanford Willis to Amir Muhammed.

19.     In March of 2016, another officer, Sgt. Michael Scego, who was Plaintiff's superior in the chain of command, refused to call Plaintiff "Muhammed" and would only refer to Plaintiff as "him," even during roll call.

20.     On or about March 12, 2016, Officer Milton Green informed Plaintiff that Sgt. Scego had tried to "dig up dirt" on Plaintiff in an effort to have Plaintiff disciplined.

21.     In or about March 2016, Plaintiff responded to a call with Sgt. Michael P. Sisco, white.

22.     During the call, Plaintiff found a gun behind a dumpster.

23.     Thereafter, a black male arrived on the scene.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

24. There was no evidence, no victims, or no witnesses to suggest that the suspect who arrived on the scene, the black male, had fired the gun or otherwise had possession of that particular gun.

25. The suspect actually arrived at the scene after Plaintiff found the gun.

26. Nonetheless, Sgt. Sisco wanted to charge the suspect for offenses related to the weapon.

27. Plaintiff refused to do so.

28. Sgt. Sisco advised other white officers to write up the report in a manner so that the suspect would be charged with a crime related to the gun.

29. The report written by the white officer at Sisco's direction was false.

30. Plaintiff disagreed with this and reported it to the Internal Affairs Division in or about March 2016.

31. On or about March 23, 2016, Plaintiff was a passenger in a police car involved in a pursuit of a suspect.

32. When the pursuit ended, Plaintiff observed two other officers on the scene, Officer Dwight Meeks, black, and Officer Haire, white.

33. Plaintiff observed Meeks attempt to stop Haire from using excessive force on a black suspect, and Haire pushed Meeks.

34. Plaintiff was asked to prepare a memorandum about what he observed concerning Meeks and Haire.

35. In that memorandum Plaintiff reported that Officer Meeks was trying to stop Officer Haire from using excessive force on a black suspect.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

36.     On or about April 30, 2016, a white officer, Jaimie Pitterle, failed to arrive on scene and assist Plaintiff and offer backup despite being dispatched to do so.

37.     Pitterle's actions left Plaintiff in danger.

38.     Plaintiff reported Pitterle's conduct to his superiors, Lt. Applegate.

39.     Officer Pitterle angrily confronted Plaintiff and thereafter was hostile towards Plaintiff.

40.     Officer Pitterle had spit in the direction of a female black officer, and accused a black suspect of "not being her flavor."

41.     On or about June 14, 2014, dispatch called Plaintiff to assist Officer Meeks, another black officer.

42.     Sgt. Sisco called Plaintiff on the radio and ordered him to not provide assistance to Meeks, leaving Meeks in danger.

43.     On or about July 16, 2016, Plaintiff was advised by Sgt. James Clark that Lt. Applegate was not pleased with Plaintiff.

44.     Up to this point, Plaintiff had not been disciplined in his 18 years of service.

45.     In September 2016, Plaintiff's requests for time off were denied, despite being within the force's policy.

46.     Plaintiff's requests for other officers to ride with him and for backup were denied, leaving him in danger.

47.     In or about September 2016, Plaintiff was harassed by white officers for not wearing a "mourning patch" which is a patch worn by officers to commemorate a fallen officer.

48.     The officers were wearing mourning patches because of the shooting death of Blake Snyder, a St. Louis County Police officer.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

49.     Plaintiff retrieved a patch and wore it the rest of the day.  The only reason he had not worn one previously was one was not available to him.

50.     The white officers accused him of acting like "Colin Kaepernick" and not supporting his fellow officers.

51.     Colin Kaepernick is a former black NFL player who protested police brutality of black suspects.

52.     On or about September 9, 2016, Plaintiff filed an EEO complaint with the City of St. Louis Police Department Human Resources Department regarding what he perceived as the racial and religious discrimination he was suffering from.

53.     Plaintiff expressly stated in his complaint he feared retaliation for filing the complaint.

54.     Plaintiff specifically stated in his complaint that not only did he experience racial and religious discrimination himself but that he witnessed the department violate the civil rights of citizens based on race.

55.     On December 1, 2016, Plaintiff received a 1-day suspension for violating a "pursuit policy" for the March 23, 2016 incident.

56.     Plaintiff was not the driver of the vehicle involved in the pursuit.

57.     During Plaintiff's employment, but especially since 2015, Plaintiff has suffered from extreme racial and religious harassment and tension at work.

58.     A black coworker and fellow officer received a note in his locker that said:  You black ass NIGGER.  We want you out of our station. We want your black ass DEAD.  Fuck your medals.  If an AID call comes out for you we won't respond.  KILL YOURSELF NIGGER OR WE WILL."  It was signed by "South Patrol."

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

59.     While this note was not directed specifically to Plaintiff, he was made aware of it and feared for his safety given the violent racist nature of the note.

60.     To Plaintiff's knowledge no officer was ever disciplined for the note.

61.     Plaintiff complained orally several times to Sgt. Clark about racial and religious discrimination at the workplace, but nothing was done.

62.     Other officers use the "n" word at work, specifically but not limited to Officer Skalzone, a white man.

63.     Black officers do not want to ride with Skalzone due to his racist slurs and his use of excessive force on black suspects.

64.     During roll call the officers would often be told to arrest black citizens, and get "those jobless shitheads off the corner."

65.     Lt. Applegate had referred to an event that was to be hosted by black families as sure to be "one big shit-show."

66.     Another officer referred to black residents of a neighborhood as "shit birds sitting on a couch."

67.     Sgt. Sisco said that he was "sick and tired of riding with niggers" in connection with having black persons as his partner.

68.     This ongoing and pervasive racially and religiously hostile environment has caused Plaintiff tremendous anxiety and stress, so much so that he had to take an extended leave.

**Count I**
**Violation of the Missouri Human Rights Act**
**Race Discrimination**

69.     Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

70.     Plaintiff is a black male, and is therefore a member of a protected group.

71.     Plaintiff suffered adverse employment action because of his race, including but not limited to harassment, suspension, refusal of back up and aid, and refusal to allow him to use leave benefits.

72.     Plaintiff's race was a contributing factor and/or motivating factor in Defendant's actions, for the following reasons, including, but not limited to Plaintiff subjected daily to a racially hostile environment, and was disciplined for complaining about the racial discrimination and harassment.

73.     Plaintiff was subjected daily to a racially hostile environment.

74.     Plaintiff was damaged by Defendant's actions.

75.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count II**
**Violation of the Missouri Human Rights Act**
**Religious Discrimination**

76.     Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

77.     Plaintiff is a Muslim man, and is therefore a member of a protected group.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

78.     Plaintiff suffered adverse employment action because of his religious, including but not limited to harassment, suspension, refusal of back up and aid, and refusal to allow him to use leave benefits.

79.     Plaintiff's religion was a contributing factor and/or motivating factor in Defendant's actions, for the following reasons, including, but not limited to:  Plaintiff was disciplined for reasons non-Muslim employees were not disciplined for and Plaintiff was subjected daily to a religiously hostile environment, including the refusal of his superior to use his proper name and his supervisor not wanting him in his group due to his religion.

80.     Plaintiff was damaged by Defendant's actions.

81.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

<u>**Count III**</u>
<u>**Violation of the Missouri Human Rights Act**</u>
<u>**Retaliation**</u>

82.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

83.     Plaintiff opposed racial and religious discrimination and harassment when he complained to his supervisors about the discriminatory treatment he was experiencing from Defendant

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

84.     Plaintiff opposed racial discrimination when he complained to his supervisors and internal affairs about the discriminatory treatment he felt the public was experiencing at the hands of the department.

85.     Plaintiff opposed racial and religious discrimination when he filed the September 2016 EEO complaint to human resources.

86.     Plaintiff had a reasonable belief that he and others were being discriminated against based on their race and/or religion.

87.     Defendant took adverse employment action against Plaintiff for all the reasons stated above.

88.     Plaintiff's opposition to discrimination was a contributing and/or motivating factor to the adverse action taken against him because other employees who did not complain about discrimination were not treated as he was.

89.     Plaintiff was damaged as a result of Defendant's actions.

90.     Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally harassed Plaintiff and denied him benefits of employment without just cause or excuse because Plaintiff was exercising his rights under the Missouri Human Rights Act, and such termination was in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

**Count IV**
**Violation of the Missouri Human Rights Act**
**Hostile Work Environment—Race**

91.     Plaintiff incorporates by reference, as if fully set forth herein, each and every

allegation set forth in the preceding paragraphs and further alleges as follows:

92.     Plaintiff, a black male, is a member of a protected group.

93.     Plaintiff was subjected to unwelcome racial harassment during his employment

for the City of St. Louis, including but not limited to racial slurs, racist notes, refusal of backup

and aid; being call Colin Kaepernick, and watching black suspects be framed.

94.     This unwelcome harassment adversely affected Plaintiff's employment, because

the hostile environment made it difficult for Plaintiff to perform his job duties and caused him

great emotional distress.

95.     Defendant did not try to correct the harassing behavior despite knowing about it.

96.     The harassment Plaintiff has endured is and was severe and pervasive such that it

created an intimidating, hostile and offensive work environment, such that it affected a term,

condition or privilege of his employment.

97.     Plaintiff believes that his work environment was hostile and abusive, and,

moreover, a reasonable person in Plaintiff's position would also find the work environment to be

hostile and abusive.

98.     Plaintiff was damaged as a result of Defendant's actions.

99.     Defendant's conduct of allowing a hostile work environment was outrageous

because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

<u>**Count V-Violation of the Missouri Human Rights Act**</u>
<u>**Hostile Work Environment—Religion**</u>

100.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

101.     Plaintiff, a Muslim male, is a member of a protected group.

102.     Plaintiff was subjected to unwelcome religious harassment during his employment for the City of St. Louis, including but not limited to religious slurs, refusal of backup and aid; refusal of his supervisor to call him by name and his supervisor vocalizing that he did not want to work with him due to his religion.

103.     This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

104.     Defendant did not try to correct the harassing behavior.

105.     The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

106.    Plaintiff believes that his work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

107.    Plaintiff was damaged as a result of Defendant's actions.

108.    Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count VI-Violation of the Missouri Human Rights Act
### Hostile Work Environment—Retaliation

109.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

110.    Plaintiff complained of racial and religious discrimination and is a member of a protected group.

111.    Plaintiff was subjected to unwelcome harassment during his employment for the City of St. Louis, including but not limited to religious slurs, racial slurs, refusal of backup and aid, suspension, refusal of backup and aid, and refusal of employment benefits.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

112.    This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

113.    Plaintiff was harassed because he complained of discrimination and in retaliation for his complaints.

114.    The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

115.    Plaintiff believes that his work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

116.    Defendant did not try to correct the harassing behavior.

117.    Plaintiff was damaged as a result of Defendant's actions.

118.    Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

**Count VII**
**Violation of Title VII of the Civil Rights Act**
**Race Discrimination**

119.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

120.    Plaintiff is a black male, and is therefore a member of a protected class.

121.    Plaintiff suffered adverse employment action because of his race, including but not limited to Plaintiff suffered adverse employment action because of his race, including but not limited to harassment, suspension, refusal of back up and aid, and refusal to allow him to use leave benefits.

122.    Plaintiff suffered adverse employment action because of his race, including but not limited to harassment, suspension, refusal of back up and aid, and refusal to allow him to use leave benefits.

123.    Plaintiff's race was a motivating factor in Defendant's actions, for the following reasons, including, but not limited to Plaintiff subjected daily to a racially hostile environment, and was disciplined for complaining about the racial discrimination and harassment.

124.    Plaintiff was damaged by Defendant's actions.

125.    Defendants engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Title VII of the Civil Rights Act.

        **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits,

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

**Count VIII**
**Violation of Title VII of the Civil Rights Act**
**Religious Discrimination**

126.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

127.    Plaintiff is a Muslim male, and is therefore a member of a protected class.

128.    Plaintiff suffered adverse employment action because of his religion, including but not limited to harassment, suspension, refusal of back up and aid, and refusal to allow him to use leave benefits.

129.    Plaintiff's religion was a motivating factor in Defendant's actions, for the following reasons, including, but not limited to:  Plaintiff was disciplined for reasons non-Muslim employees were not disciplined for and Plaintiff was subjected daily to a religiously hostile environment, including the refusal of his superior to use his proper name and his supervisor not wanting him in his group due to his religion.

130.    Plaintiff was damaged by Defendant's actions.

131.    Defendants engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Title VII of the Civil Rights Act.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

**Count IX**
**Violation of Title VII of the Civil Rights Act**
**Retaliation**

132.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

133.     Plaintiff opposed racial and religious discrimination and harassment when he complained to his supervisors about the discriminatory treatment he was experiencing from Defendant

134.     Plaintiff opposed racial discrimination when he complained to his supervisors and internal affairs about the discriminatory treatment he felt the public was experiencing at the hands of the department.

135.     Plaintiff opposed racial and religious discrimination when he filed the September 2016 EEO complaint to human resources.

136.     Plaintiff exercised his legal rights to oppose racial and religious discrimination when he complained to his supervisors, internal affairs, and HR.

137.     Plaintiff had a reasonable belief that he and other employees at Defendant, as well as the public, were being racially and religiously discriminated against by Defendant and Defendant's employees.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

138.    Defendants took adverse employment action against him when it suspended him, refused him days off, and refused him backup.

139.    Plaintiff's opposition to discrimination was a motivating factor to the adverse action taken against him because other employees who did not complain about discrimination were not treated as he was.

140.    Plaintiff was damaged as a result of Defendant's conduct.

141.    Defendants engaged in intentional discrimination and retaliation and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants retaliated against Plaintiff without just cause or excuse in violation of the Title VII of the Civil Rights Act.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

**Count X**
**Violation of Title VII of the Civil Rights Act**
**Hostile Work Environment-Race**

142.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

143.    Plaintiff is a black man and is therefore a member of a protected group.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

144.     Plaintiff was subjected to unwelcome racial harassment during his employment for the City of St. Louis, including but not limited to racial slurs, racist notes, refusal of backup and aid; being call Colin Kaepernick, and watching black suspects be framed.

145.     The unwelcome racial harassment adversely affected Plaintiff's employment.

146.     Such conduct was based on Plaintiff's race.

147.     Defendant suspended Plaintiff and refused him benefits of his employment such as vacation time.

148.     Plaintiff's rejection of such conduct was a motivating factor in its decision to suspend him and deny him benefits.

149.     Plaintiff was damaged as a result of Defendant's actions.

150.     Defendants engaged in intentional discrimination and retaliation and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants retaliated against Plaintiff without just cause or excuse in violation of the Title VII of the Civil Rights Act.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

**Count XI**
**Violation of Title VII of the Civil Rights Act**
**Hostile Work Environment-Religion**

151.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

152.    Plaintiff is a Muslim man and is therefore a member of a protected group.

153.    Plaintiff was subjected to unwelcome religious harassment during his employment for the City of St. Louis, including but not limited to religious slurs, refusal of backup and aid; refusal of his supervisor to call him by name and his supervisor vocalizing that he did not want to work with him due to his religion.

154.    The unwelcome religious harassment adversely affected Plaintiff's employment.

155.    Such conduct was based on Plaintiff's religion, Muslim.

156.    Defendant suspended Plaintiff and refused him benefits of his employment such as vacation time.

157.    Plaintiff's rejection of such conduct was a motivating factor in its decision to suspend him and deny him benefits.

158.    Plaintiff was damaged as a result of Defendant's actions.

159.    Defendants engaged in intentional discrimination and retaliation and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants retaliated against Plaintiff without just cause or excuse in violation of the Title VII of the Civil Rights Act.

    **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits,

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under Title VII of the Civil Rights Act, and all other relief deemed just and equitable.

**Count XII**
**Violation of Title VII of the Civil Rights Act**
**Hostile Work Environment-Retaliation**

160.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

161.    Plaintiff complained of racial and religious discrimination and is a member of a protected group.

162.    Plaintiff was subjected to unwelcome harassment during his employment for the City of St. Louis, including but not limited to religious slurs, racial slurs, refusal of backup and aid, suspension, refusal of backup and aid, and refusal of employment benefits.

163.    This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

164.    Plaintiff was harassed because he complained of discrimination and in retaliation for his complaints.

165.    The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

166.    Plaintiff believes that his work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

167.    Defendant did not try to correct the harassing behavior.

168.    Plaintiff was damaged as a result of Defendant's actions.

169.    Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count XIII**
**Violation Of 42 U.S.C. § 1981a**
**Race And Retaliation**

170.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

171.    Plaintiff is a black man and is therefore a member of a protected class.

172.    Plaintiff opposed racial and religious discrimination and harassment when he complained to his supervisors about the discriminatory treatment he was experiencing from Defendant

173.    Plaintiff opposed racial discrimination when he complained to his supervisors and internal affairs about the discriminatory treatment he felt the public was experiencing at the hands of the department.

174.    Plaintiff opposed racial and religious discrimination when he filed the September 2016 EEO complaint to human resources.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

175.     Plaintiff had a reasonable belief he and others were being discriminated against based on race.

176.     Defendants treated Plaintiff poorly because of his race, including suspending him and subjecting him to a hostile work environment.

177.     Plaintiff race and/or his opposition to racial discrimination were the motivating factors in the Defendant's decisions, for the reasons stated above.

178.     Defendants engaged in unlawful employment practices by discriminating against Plaintiff due to his race and retaliating against him by taking adverse employment action against Plaintiff when he was suspended in December 2016.

179.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

180.     The unlawful practices complained of above were intentional.

181.     The unlawful practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

182.     Plaintiff was damaged as a result of the aforementioned adverse employment actions.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any relief deemed just and equitable.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

**Constitutional Challenge**
**Application Of Senate Bill 43, And Any Provisions Therein, To This Cause Of Action**
**Would Violate The Constitution**

183.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

184.     Senate Bill 43 and numerous particular provisions therein, which became effective on August 28, 2017, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

185.     SB 43, which purports to limit plaintiff's relief under Missouri Human Rights Act (MHRA) cases, violates:

a.     Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because:

i.     The cap on damages irrationally treats plaintiffs in MHRA cases differently than other tort cases; and

ii.     The cap on damages irrationally treats plaintiffs with severe injuries and large damages differently than those with little damages;

b.     Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

c.     Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

d.     Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

includes the right to have a jury determine all of plaintiffs' damages without interference by legislature;

      e.      The separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

      f.      The prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs; (2) arbitrarily distinguishes between plaintiffs with identical injuries; (3) arbitrarily distinguishes between individual types of injuries; and (4) arbitrarily distinguishes between tortfeasors based on the number of employees they have.

      186.      SB 43, which purports to provide that the MHRA, the Workers' Compensation chapter, and the general employment law chapter, shall be the exclusive remedy for any and all claims for injury or damages arising out of the employment relationship, violates Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages for all possible claims without interference by legislature; Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries; Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution; and purports to limit Plaintiff's ability to bring Federal claims in state court, which violates the supremacy clause, Article VI of the U.S. Constitution.

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

187.    Applying any aspects of SB 43 that are substantive retroactively to this claim would violate Article I, Section 13 of the Missouri Constitution.

188.    The Missouri Attorney General has been served with a copy of this Petition pursuant to Missouri Rule 87.04 and Section 527.210, RSMo.

Wherefore, Plaintiffs ask for the Court to declare that Senate Bill 43 and its enacted statutory provisions are unconstitutional and therefore to apply the laws in effect before August 28, 2017 and to provide such other relief as this Court deems proper and just.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By_____/s/ Jaclyn Zimmermann_____
        Jaclyn M. Zimmermann, #57814
        jmz@ponderzimmermann.com
        Douglas Ponder, #54968
        dbp@ponderzimmermann.com
        20 S. Sarah
        St. Louis, MO 63108
        Phone:  314-272-2621
        Fax:  314-272-2713

        Attorneys for Plaintiff Amir Muhammed

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

EEOC Form 161 (11/16)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1822-CC11115

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Amir S. Muhammad<br>6005 Horton Pl.<br>Saint Louis, MO 63112 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2017-00920 | Sean J. Oliveira,<br>Investigator | (314) 539-7847 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

MAY 3 1 2018

Enclosures(s)

James R. Neely, Jr.,
Director

*(Date Mailed)*

cc:
**Tom Borek, Human Resources Specialist**
**PERSONNEL DEPARTMENT/EMPLOYEE**
**RELATIONS**
**1114 Market Street, Room 705**
**Saint Louis, MO 63101**

**Jaclyn Zimmermann**
**PONDER ZIMMERMAN, LLC**
**20 South Sarah Street**
**Saint Louis, MO 63108**

Ex 1

**1822-CC11115**

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | Mike Dierkes | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | Acting COMMISSION CHAIR | EXECUTIVE DIRECTOR |

June 19, 2018

Amir S. Muhammad
6005 Horton Pl
St. Louis, MO  63112

RE:   Muhammad vs. St. Louis Metropolitan Police Dept.
       E-4/17-48003     28E-2017-00920

E-4/17-48003
Administrative Use/Records

### NO RIGHT TO SUE on all Allegations occurring prior to October 29, 2016 - BECAUSE OF LACK OF JURISDICTION

The MCHR has determined that it lacks jurisdiction over these allegations because your complaint was not filed within 180 days of the alleged discrimination as required by the Missouri Human Rights Act. Therefore, MCHR is administratively closing this case with regard to these allegations as well as terminating all MCHR proceedings relating to these allegations.  If you are aggrieved by this decision, then you can appeal by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.  Any such petition must be filed in the circuit court of Cole County.

### RIGHT TO SUE – on all Allegations occurring on or after October 29, 2016

Pursuant to the Missouri Human Rights Act (MHRA) your complaint was dual-filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue.  Based on a review of EEOC's investigation summary, the MCHR has decided to adopt EEOC's findings, terminate its proceedings and issue this notice of your right to sue regarding these allegations under the MHRA.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint regarding the allegations noted above. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court regarding the allegations noted above. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

(continued on next page)

| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | ☒ 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
|---|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 417-485-6024 | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |
| FAX: 573-751-2905 | | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Ex 2

Electronically Filed - City of St. Louis - August 28, 2018 - 04:46 PM

RE: Muhammad vs. St. Louis Metropolitan Police Dept.
E-4/17-48003    28E-2017-00920

You are also notified that the Executive Director is hereby administratively closing this case with regard to the allegations noted above and terminating all MCHR proceedings relating to these allegations. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period for any federal claims.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


St. Louis Metropolitan Police Dept.
1915 Olive
St. Louis, MO  63103


Tom Borek
1114 Market Street, Room 705
St. Louis, MO 63101


Jaclyn Zimmermann
20 South Sarah Street
St. Louis, MO  63108
*Via email*

| 3315 W. Truman Blvd. | 111 N. 7th Street, Suite 903 | P.O. Box 1300 | 1410 Genessee, Suite 260 | 106 Arthur Street |
|---|---|---|---|---|
| P.O. Box 1129 | St. Louis, MO 63101-2100 | Ozark, MO 65721-1300 | Kansas City, MO 64102 | Suite D |
| Jefferson City, MO 65102-1129 | Phone: 314-340-7590 | Fax: 417-485-6024 | Fax: 816-889-3582 | Sikeston, MO 63801-5454 |
| Phone: 573-751-3325 | Fax: 314-340-7238 | | | Fax: 573-472-5321 |
| Fax: 573-751-2905 | | | | |

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | **Case Number:  1822-CC11115** |
| Plaintiff/Petitioner:<br>AMIR MUHAMMED<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN MARIE ZIMMERMANN<br>PONDER ZIMMERMANN LLC<br>20 S SARAH ST<br>ST LOUIS, MO  63108 |
| Defendant/Respondent:<br> CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CITY OF ST LOUIS
                           Alias:

MAYOR LYDA KREWSON
CITY HALL ROOM 200
1200 MARKET ST
SAINT LOUIS, MO  63103

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SHERIFF'S FEE PAID**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**August 30, 2018**

_____        _____
        Date                              Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
        Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                    Date                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - September 11, 2018 - 12:23 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

**AMIR MUHAMMED**,                    )
                                      )
    Plaintiff,                )         Cause No. 1822-CC11115
                                      )
v.                                    )         Division No. 1
                                      )
**CITY OF ST. LOUIS**                 )
Serve:  Mayor Lyda Krewson           )
    City Hall Room 200        )         Jury Trial Demanded
    1200 Market St.           )
    St. Louis, MO 63103       )
                                      )
                                      )
    Defendants.               )

## MEMO RE FILING FEE

COMES NOW Plaintiff and pays the additional $3.50 filing fee.


Respectfully submitted,

PONDER ZIMMERMANN LLC

By____/s/ Jaclyn Zimmermann_____
    Jaclyn M. Zimmermann, #57814
    jmz@ponderzimmermann.com
    Douglas Ponder, #54968
    dbp@ponderzimmermann.com
    20 S. Sarah
    St. Louis, MO 63108
    Phone:  314-272-2621
    Fax:  314-272-2713

    Attorneys for Plaintiff Amir Muhammed

9-13

# VERNON BETTS

**SHERIFF**
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

315-168 (Rev 7/17)

Div 1

Amir Muhammed

## Return of Service on Summons/Petition and Subpoena

**Defendant** City of St. Louis   **Doc. ID Number** 18-Smec 14691

**Address** 1200 Market 200   **Case Number** 1822-CC 11115

**Executed:**   ☐ Summons / Petition   ☐ Subpoena

---

I hereby certify that I served the within **summons and petition** by:

☐ Subpoena   **How Served:** _____

☐ Posting copy of Summons and copy of Petition, to dwelling listed on above address.

☑ Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
**How Served:** Obo Rzzy Manser Clerb   F/w/ 32

☐ Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the Defendant/Respondent with a family member over the age of 15 years _____

☐ Non-Est Reason: _____

---

☐ For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of Possession to

☐ An Agent and/or Appointed Agent: _____ (name) _____ (title).

☐ A Partner: _____ (name) _____ (title).

☐ A Managing or General Agent: _____ (name) _____ (title).

☐ The person in charge of defendant's business office _____ (name)
   _____ (title).

☐ The Registered Agent: _____ (name) _____ (title).

☐ Non-Est Reason: _____

---

☐ For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of the petition to:

☐ The Registered Agent: _____ (name) _____ (title).

☐ An Authorized Person: _____ (name) _____ (title).

☐ An Organizer: _____ (name) _____ (title).

☐ Non-Est Reason: _____

---

Served at 1200 Market 200 _____ (address)

in (**City of St. Louis**), MO, on 9-17-18 (date) at 9:45 Am _____ (time).

Frank Parker 073 _____

**Print name of Sheriff or Server**   **Signature of Sheriff or Server**

---

A copy of the execution must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC11115 |
| Plaintiff/Petitioner:<br>AMIR MUHAMMED<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN MARIE ZIMMERMANN<br>PONDER ZIMMERMANN LLC<br>20 S SARAH ST<br>ST LOUIS, MO  63108 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   CITY OF ST LOUIS
 Alias:

MAYOR LYDA KREWSON
CITY HALL ROOM 200
1200 MARKET ST
SAINT LOUIS, MO  63103

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

### SHERIFF'S FEE PAID

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 30, 2018**

_____
Date

*Thomas Kloeppinger*

_____
Clerk

Further Information:

---

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                                      Date                                      Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - October 15, 2018 - 01:39 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | | |
|---|---|---|---|
| **AMIR MUHAMMED,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **Cause No.** | **1822-CC11115** |
| | ) | | |
| **v.** | ) | **Division:** | **1** |
| | ) | | |
| **CITY OF ST. LOUIS,** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

**NOTICE TO STATE COURT AND TO PLAINTIFF**
**OF FILING OF NOTICE OF REMOVAL**

Defendant City of St. Louis ("Defendant") hereby notifies this Court and Plaintiff Amir Muhammed of the removal of the above-styled case from the Circuit Court of the City of St. Louis, State of Missouri, to the United States District Court for the Eastern District of Missouri. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Alexis L. Silsbe

Alexis L. Silsbe, #64637MO
Associate City Counselor
Attorney for Defendant
Room 314, City Hall
1200 Market Street
St. Louis, MO 63103
Phone: (314) 622-4621
Fax: (314) 622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANT**

1

Electronically Filed - City of St. Louis - October 15, 2018 - 01:39 PM

## CERTIFICATE OF SERVICE

I hereby certify this Notice was electronically filed with the Court for service through the electronic filing system on October 15, 2018.

<u>/s/ Alexis L. Silsbe</u>

Electronically Filed - City of St. Louis - October 15, 2018 - 01:39 PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMIR MUHAMMED,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **CITY OF ST. LOUIS,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DEFENDANT. | ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant City of St. Louis ("Defendant") notifies this Court of the removal of *Muhammed v. City of St. Louis, et al.*, Cause No. 1822-CC11115, from the 22nd Judicial Circuit Court of Missouri, to the U.S. District Court for the Eastern District of Missouri. As grounds for removal, Defendant states:

1.      On August 28, 2018, Plaintiff Amir Muhammed ("Plaintiff") filed suit against Defendant in the 22nd Judicial Circuit Court of Missouri, in *Muhammed v. City of St. Louis, et al.*, Cause No. 1822-CC11115.

2.      Plaintiff effected service on City on September 17, 2018.

3.      City files this notice within thirty days after service, making removal timely under 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-355 (1999).

4.      Pursuant to Local Rule 2.03, a copy of all process, pleadings, orders and other documents on file in state court are attached as Exhibit A.

5.      Venue is proper in this District under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action has been pending.

6.      Plaintiff alleges violations of his rights pursuant to Title VII of the Civil Rights Act, thus this Court has original jurisdiction under 28 U.S.C. § 1331.

7.      City concurrently submits the filing fee in the amount of $400.00 and the proof of filing the notice of removal with the Clerk and State court.

Electronically Filed - City of St. Louis - October 15, 2018 - 01:39 PM

WHEREFORE, City petitions this Court for removal of *Muhammed v. City of St. Louis,* Cause No. 1822-CC11115, from the 22nd Judicial Circuit Court of Missouri, to this Court for all further proceedings.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Alexis L. Silsbe

Alexis L. Silsbe, #64637MO
Associate City Counselor
Attorney for Defendant
Room 314, City Hall
1200 Market Street
St. Louis, MO 63103
Phone: (314) 622-4621
Fax: (314) 622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify this Notice was electronically filed with the Court for service on October 15, 2018.

/s/ Alexis L. Silsbe